IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DEXTER SHAW,

        Plaintiff,

vs.                                    CIVIL ACTION NO.: CV605-134

JOY BARLOW; STEVE DEPREE;
JOHN PAUL, and JOHN DOE,

        Defendants.

## MAGISTRATE JUDGE'S ORDER

## AND REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C.A. § 1915. 28 U.S.C.A. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

AO 72A
(Rev. 8/82)

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Shaw v. Thomas, CV692-082 (S.D. Ga. Aug. 5, 1992) (dismissed for failure to follow a Court order); (2) Shaw v. Smith, CV603-066 (S.D. Ga. Aug. 28, 2003) (dismissed as a sanction for lying about the existence of a previous strike and a previous federal case concerning the same facts); and (3) Shaw v. Smith, CV603-133 (S.D. Ga. April 26, 2005) (dismissed for failure to comply with a Court order).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

2

AO 72A
(Rev. 8/82)

In his Complaint, Plaintiff asserts that Defendant Barlow wrote a fabricated disciplinary report against him. Plaintiff also asserts that another inmate overheard Defendants Barlow and Dupree discussing placing Plaintiff in the M-Building and using this fabricated disciplinary report to justify this placement. Plaintiff alleges that the cells in the L-Building have no fire safety devices, have cracks in the windows and walls which allow cold air into the cells, and are "wholly inadequate" for inmates on lockdown. (Compl., ¶ 22.) Plaintiff also alleges that Defendants have been deliberately indifferent to his serious medical needs and his future health. Plaintiff contends that these acts prove Defendants conspired to violate his constitutional rights and to retaliate against him.

At the time he filed his Complaint, Plaintiff had brought at least three cases that constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint, which was filed in this Court on November 15, 2005. In addition, Plaintiff's claims appear to be unrelated. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $250.00 filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 20th day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3